SMITH *v.* CARES.

(Decided February 6, 1931.)

*Mr. David B. Carpenter* and *Mr. H. O. Bostwick,* for plaintiff in error.

*Mr. H. J. Thrasher,* for defendant in error.

WILLIAMS, J.  Dwight L. Smith brought an action in ejectment in the court of common pleas of this county against Christina Cares, and J. Vodraska and B. Vodraska, to recover possession of certain lands described in the petition. Upon trial the Vodraskas made no claim to the land in question nor to an interest therein. The jury returned a verdict in favor of the defendant Christina Cares.

It is undisputed that Mary Jones Cole owned a hundred-acre tract of land from 1892 to her death in 1909. By her last will and testament she devised to Alma Rowe, who married Paul Bentley, 30.35 acres in the northern part thereof. This tract was later deeded by Alma Rowe Bentley to Christina

Cliff, who married C. W. Cares, and is the defendant in error. The land conveyed by the deed was described as follows: "Situated in the Township of Newbury, County of Geauga, and State of Ohio, and known as being part of original Lot No. 10 in Tract No. 2 and bounded and described as follows: on the North by the north line of said Lot No. 10, West by the west line of Newbury Township. South by land in said Lot No. 10 now owned by Jennie Hunt and East by land in said Lot No. 10 now owned by Abbie. Hubbard and containing about $30^{35}/_{100}$ acres of land, and is a part of the real estate devised to grantor Alma Bentley by the Will of Mary Jones Cole dated June 11, 1904, and admitted to Records by the Probate Court of said county and recorded in Volume F, page 425 of the Records of said Court, be the same more or less." The plaintiff acquired his title to the southern portion of the hundred-acre tract from Marietta V. Jackson. Marietta V. Jackson was the sole heir of Jennie Hunt, who died intestate in 1913. Jennie Hunt acquired her title under the will of Mary Jones Cole. By the terms of that will the testatrix devised to Jennie Hunt the Milton Robinson farm except a portion thereof devised to Glenn Rogers. Glenn Rogers quitclaimed to Marietta V. Jackson any interest he had in the property. The description of the land in the deed to the plaintiff Smith is incorrect as to the distances, but it does state that the northern boundary of the land of plaintiff Smith is the southern line of C. Cliff's land. The dispute between the parties arises over the question whether the south line of C. Cliff's land was a line parallel with the north line of lot No. 10, or was a line which ran along the place where a

fence existed for many years. The boundary lines as claimed by the respective parties are shown upon Plaintiff's Exhibit G. We are satisfied that under the deed to Christina Cliff the southern line of the property conveyed to her would be a line parallel to the north line of lot No. 10 and that the plaintiff by his deed took to that line. The defendant Cares acquired no title by adverse possession, as the whole of the one hundred acres was owned by Mary Jones Cole up to a period less than twenty-one years prior to the commencement of the ejectment suit. We are of the opinion that the verdict and judgment are manifestly against the weight of the evidence.

We have examined the record and find no other error to the prejudice of plaintiff in error. The judgment will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed and cause remanded.*

FARR and RICHARDS, JJ., concur.

WILLIAMS and RICHARDS, JJ., of the Sixth Appellate District, sitting by designation in the Seventh Appellate District.